IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

              Plaintiff,

v.

GLOBAL ONLINE DIRECT, INC.,
BRYANT E. BEHRMANN, and
LARRY "BUCK" E. HUNTER,

              Defendants.

1:07-cv-0767-WSD

## OPINION AND ORDER

This matter is before the Court on the Receiver's Motion for Authorization to Notice Investors in the Receivership Entities by Means of Electronic Mail [23].

On August 20, 2007, the Receiver appointed by the Court in this case requested permission to serve any notices to investors in this case via electronic mail ("email"). The Receiver states that obtaining street addresses for the investors will require "the expenditure of thousands of dollars," and observes that Defendants used email "extensively" to communicate with investors. The Receiver believes that Defendants' computer servers and email address record are "the best information available as to the identity of the investors," and proposes that the

Court authorize him to use email to provide notice to investors in this case. The Receiver anticipates that email service will result in savings of approximately $7,500 per notice compared to the cost of service by mail. The Receiver has already used email once in this case, to send investors notice of an online meeting and conference call. Only forty percent (40%) of those who received the email opened and read it.

Although investors in cases in receivership are not parties to the case, they are still affected by it and have a due process right to some level of notice. S.E.C. v. TLC Investments and Trade Co., 147 F. Supp. 2d 1031, 1034-35 (C. D. Cal. 2001). "The most important element of due process is adequate notice." In re Gen. Am. Life Ins. Co. Sales Practices Litig., 357 F.3d 800, 804 (8th Cir. 2004). The requirements of due process vary according to the nature of the right and the type of the proceeding. Matthews v. Eldridge, 424 U.S. 319, 334 (1976). "[T]here are no specific standards or rules setting forth what rights investors in such proceedings have to participate. Instead, summary proceedings satisfy due process so long as there is adequate notice and opportunity to be heard." TLC Investments and Trade Co., 147 F. Supp. 2d at 1034-35 (citation and quotation omitted). See also, Adams v. Southern Farm Bureau Life Ins. Co., 493 F.3d 1276, 1285 (11th

Cir. 2007) (notice is required to be "appropriate to the nature of the case."). In the class action context, the Eleventh Circuit requires that notice "reach the parties affected [and] that it convey the required information." Id. at 1285-86.

The nature of this case and the relationship of investors to the litigation suggests that adequate notice is something less than would be required for members of a plaintiff class in a class action lawsuit. The Receiver states that he has not located any centralized record of investors names or addresses. He states that locating the identity and address of each individual investor will be a time-consuming and expensive process, involving analyzing raw materials such as actual checks deposited by investors and performing skip searches. Under these circumstances, informal notice, such as through email, may be appropriate to the nature of the case.

The adequacy of notice must be evaluated in the context of the Court and the Receiver's obligations to use a notice procedure designed to "reach the parties affected." That is, the Court and Receiver have an obligation to design a notice process with a reasonable expectation that notices will reach investors. In the Court's view, "reaching" investors means not only technical delivery of the notice, but delivery with a reasonable expectation that the investor will read the notice or

deliberately elect not to read it.  This reasonable expectation is satisfied in the Court's view if the notice informs the investor of its importance and connection with a legal proceeding in a way that would cause a reasonable investor to read its contents.  Alternatively, the expectation could be satisfied by some form of follow-up procedure.

In the previous email notice sent by the Receiver, only forty percent of investors opened and read the notice.  The Court was not informed as to the design of this notice, or its subject line, but it is apparent that the notice was not adequately successful at reaching investors in this case.  On the other hand, as the Receiver notes, compiling addresses for traditional mail notice is a potentially expensive and uncertain proposition.

The Court does not have sufficient facts to decide whether email notice can satisfy due process in this case.  The Court requires a clearer understanding of the estimated costs, time, and effectiveness of compiling a traditional mailing list of investors, and whether email notice can be designed and administered in a way that it will more effectively reach investors.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Receiver shall, by November 23, 2007, file with the Court briefing containing the following information:

1) the estimated cost, time requirements, and anticipated difficulties of compiling a traditional mailing list of investors in this case;

2) the design / subject line anticipated to be used with future email notices to ensure that they reach investors;

3) how the sender of email notices would be identified to the recipient;

4) the follow-up procedures, if any, anticipated to ensure that email notices are opened by investors;

5) what assurance, if any, is there that the email addresses in the Receiver's possession are current, valid, accurate, and belong to investors in this case?

**SO ORDERED** this 5th day of November, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE