## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | |
| **v.** | **1:07-cv-0767-WSD** |
| **GLOBAL ONLINE DIRECT, INC., BRYANT E. BEHRMANN, and LARRY "BUCK" E. HUNTER,** | |
| **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on the Receiver's Motion for Authorization to Notice Investors in the Receivership Entities by Means of Electronic Mail [23] and Supplemental Brief in Support [39].

On August 20, 2007, the Receiver appointed by the Court in this case requested permission to serve any notices to investors in this case via electronic mail ("email"). On November 5, 2007, the Court, concerned that the proposed email notice process might not satisfy due process, entered an Order requiring the Receiver to submit supplemental briefing on the due process issue by November 23, 2007. The Court expressed particular concern that the Receiver had not shown

that investors were sufficiently likely to receive, recognize, open, and read email notices.  On November 21, 2007, the Receiver submitted supplemental briefing on the due process issue ("supplemental briefing").  Based on the supplemental briefing, the Court finds that the proposed email notice satisfies due process.

Although investors in cases in receivership are not parties to the case, they are still affected by it and have a due process right to some level of notice.  S.E.C. v. TLC Investments and Trade Co., 147 F. Supp. 2d 1031, 1034-35 (C. D. Cal. 2001).  "The most important element of due process is adequate notice."  In re Gen. Am. Life Ins. Co. Sales Practices Litig., 357 F.3d 800, 804 (8th Cir. 2004).  The requirements of due process vary according to the nature of the right and the type of the proceeding.  Matthews v. Eldridge, 424 U.S. 319, 334 (1976).  "[T]here are no specific standards or rules setting forth what rights investors in such proceedings have to participate.  Instead, summary proceedings satisfy due process so long as there is adequate notice and opportunity to be heard."  TLC Investments and Trade Co., 147 F. Supp. 2d at 1034-35 (citation and quotation omitted).  See also, Adams v. Southern Farm Bureau Life Ins. Co., 493 F.3d 1276, 1285 (11th Cir. 2007) (notice is required to be "appropriate to the nature of the case.").  In the

class action context, the Eleventh Circuit requires that notice "reach the parties affected [and] that it convey the required information." Id. at 1285-86.

The nature of this case and the relationship of investors to the litigation suggests that adequate notice is something less than would be required for members of a plaintiff class in a class action lawsuit.  The adequacy of notice must be evaluated in the context of the Court and the Receiver's obligations to use a notice procedure designed to "reach the parties affected."  That is, the Court and Receiver have an obligation to design a notice process with a reasonable expectation that notices will reach investors.  In the Court's view, "reaching" investors means not only technical delivery of the notice, but delivery with a reasonable expectation that the investor will read the notice or deliberately elect not to read it.  This reasonable expectation is satisfied in the Court's view if the notice informs the investor of its importance and connection with a legal proceeding in a way that would cause a reasonable investor to read its contents. Alternatively, the expectation could be satisfied by some form of follow-up procedure.

In the supplemental briefing and its supporting affidavit, the Receiver states that it currently possesses complete postal addresses for 2/3 of the investors in this

case.  The Receiver lacks addresses for 3,278 investors, most of whom live outside of the United States.  The Receiver estimates that attempting to locate accurate postal addresses for these investors will cost $7,000 to $12,000.  Even with that substantial expenditure, the Receiver anticipates a low rate of success.

By contrast, the Receiver possesses email addresses for each of the 9,835 identified investors in this case.  Fewer than ten percent of these email addresses have been returned by internet service providers as invalid, a number similar to the amount of returned postal mail the Receiver would expect to receive in a typical case.  The Receiver estimates over 93% of its first email notices to investors were delivered.  Over 51 % of these emails have been verified as opened, and the Receiver estimates that the actual number of investors who opened the email is significantly higher.[1]

Going forward, the Receiver plans to implement design, identification, and follow-up procedures that will further improve the expectation that email notices will reach intended recipients.  Each email will include in the subject line the name of the receivership case and the enclosed document.  The emails will be sent from

---

[1]  Many internet service providers implement protective software that interferes with the Receiver's ability to monitor whether a sent email has been opened, artificially suppressing the percentage of opened emails reported.

the address "global@grassmueckgroup.com," which will further apprise recipients that the email pertains to a receivership case.  Emails will contain a link to the Receiver's website "www.grassmueckgroup.com."  By following the link, investors will be able to update their contact information with the Receiver.  The Receiver anticipates sending prompting follow-up emails to investors who fail to open a notice.  The follow-up emails will be designed similarly to the initial notice emails.

The supplemental notice shows that email notice to investors in this case, implemented as proposed by the Receiver, creates a reasonable expectation that investors will receive the notice, understand that it relates to matters involving Global and its receivership, and will make a knowing and deliberate decision to read the communication and access other information about the receivership, if they so elect.  Under the circumstances, the proposed email notice satisfies due process.

For the foregoing reasons,

**IT IS HEREBY ORDERED** Receiver's Motion for Authorization to Notice Investors in the Receivership Entities by Means of Electronic Mail [23] is **GRANTED**.

-5-

**SO ORDERED** this 29th day of November, 2007.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE